**AMERICAN NATIONAL RED CROSS, a not-for-profit corporation; Richard Scher, an individual, Plaintiffs–counter–defendants—Appellants,**

v.

**ST. PAUL TRAVELERS, INC., a successor corporation to St. Paul Fire and Marine Insurance Company, a Minnesota corporation, Defendant–counter–claimant—Appellee.**

No. 07–55022.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed Sept. 18, 2008.

Carl W. Shapiro, Shapiro, Rodarte & Freedman, LLP, Los Angeles, CA, for Plaintiffs–counter–defendants–Appellants.

*This disposition is not appropriate for publication and is not precedent except as provided

Larry Mark Golub, Barger & Wolen, LLP, Los Angeles, CA, for Defendant–counter–claimant–Appellee.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM *

Appellants American National Red Cross and Richard Scher (Appellants) appeal the district court's ruling that Scher was not covered by an insurance policy in effect when he injured a woman by accidentally hitting her with a golf cart.

We agree with the district court that St. Paul Travelers, Inc., (St. Paul), the insurer, owed a duty to defend Scher from the time the Red Cross tendered Scher's defense to St. Paul. *See Montrose Chem. Corp. of California v. Super. Ct.,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1160 (1993) (explaining that the duty to defend arises if there is potential liability). Indeed, St. Paul concedes this point on appeal.

However, the district court erred in interpreting the terms of the St. Paul policy to exclude from the definition of "covered person," volunteers who were not acting at the *express* direction of Kraft. *See Bank of the West v. Super. Ct.,* 2 Cal.4th 1254, 1264–65, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992) (holding that policy terms must be read in their "ordinary and popular sense") (citations omitted). As a result, St. Paul

by 9th Cir. R. 36–3.

was obligated to indemnify Scher for the settlement paid by Red Cross on his behalf.

The district court also erred in granting summary judgment in favor of St. Paul with respect to pre-tender defense costs. An insurer generally has no duty to defend an insured until the insured tenders his defense. *See Tradewinds Escrow, Inc. v. Truck Ins. Exch.*, 97 Cal.App.4th 704, 710, 118 Cal.Rptr.2d 561 (2002). However, an exception exists where the insured was unaware of the existence or contents of the policy and was therefore unable to tender. *See Shell Oil Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 44 Cal.App.4th 1633, 1649, 52 Cal.Rptr.2d 580 (1996). There remains a genuine issue of material fact as to whether Appellants had knowledge of their potential coverage under the St. Paul policy and thereby qualify for the exception to the tender rule.

Finally, we agree with the district court that St. Paul did not act in bad faith in denying the tendered defense of Scher, as there was a legitimate coverage dispute, especially considering Appellants' late tender. *See Jordan v. Allstate Ins. Co.*, 148 Cal.App.4th 1062, 1072, 56 Cal.Rptr.3d 312 (2007) ("Where there is a *genuine issue* as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of that dispute.") (citation omitted) (emphasis in the original).

We therefore AFFIRM the district court's grant of summary judgment in favor of Appellants as to St. Paul's duty to defend and in favor of St. Paul as to the issue of bad faith, REVERSE the district court's grant of summary in favor of St. Paul as to recovery of pre-tender costs and the duty to indemnify, and REMAND for entry of judgment in favor of Appellants as

to the duty to indemnify and for further proceedings as to recovery of pre-tender costs.

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.**

Each party is to bear its costs of appeal.